COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Humphreys


DANNY EUGENE THOMPSON, JR.
                                    MEMORANDUM OPINION*
v.   Record No. 2723-02-3              PER CURIAM
                                    FEBRUARY 25, 2003
BRANCH HIGHWAYS AND
 PENNSYLVANIA MANUFACTURERS
 ASSOCIATION INSURANCE COMPANY


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Rhonda L. Overstreet; Lumsden, Overstreet &
            Hansen, on brief), for appellant.

            (Monica Taylor Monday; Mary Beth Nash; Gentry
            Locke Rakes & Moore, on brief), for
            appellees.


     Danny Eugene Thompson contends the Workers' Compensation

Commission erred in finding that he failed to prove he was

totally disabled after November 21, 2000.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

ruling that claimant failed to prove he was totally disabled

after November 21, 2000, the commission found as follows:

> Immediately after the injury, Dr. [James E.] Thompson excused the claimant from his work duties.  Dr. [Darrell F.] Powledge intermittently removed him from work and also released him to light duty.  Dr. Thompson's office notes from the fall of 2000 fail to mention the claimant's work capacity.  However, on January 31, 2001, Dr. Thompson issued a disability slip, which excused the claimant from work from July 21 through November 21, 2000.  The claimant admitted in his deposition taken on January 31, 2001, that he was capable of light duty.
>
> When Dr. Thompson evaluated the claimant on April 17, 2001, he issued no restrictions.  On July 6, 2001, the claimant complained that he could not perform sedentary work.  Dr. Thompson agreed that the claimant remained disabled from his preinjury employment.  He did not conclude that he was disabled from all work.
>
> Based on this medical evidence, we are not persuaded by Dr. Thompson's December 2001 opinion that the claimant had been totally disabled since the accident.  This opinion was rendered months after his last examination in July 2001 and contradicted prior conclusions, which were recorded when he saw the claimant.  Moreover, during Dr. Thompson's deposition in January 2002, he reiterated that he removed the claimant from work from July 21 through November 21, 2000.  He agreed that performing a sedentary job would be difficult for the claimant, but he did not state that the claimant could not perform sedentary work.  Furthermore, Dr. Thompson advised that he could find no objective reasons for the claimant's continued knee pain.

"Medical evidence is not necessarily conclusive, but is

subject to the commission's consideration and weighing."

Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission weighed the medical evidence and articulated its reasons for giving little probative weight to Dr. Thompson's December 3, 2001 opinion regarding claimant's disability status. The commission noted the six-month gap between Dr. Thompson's last examination of claimant on July 6, 2001 and his December 3, 2001 opinion. When Dr. Thompson last examined claimant, he opined that claimant could not perform his pre-injury job, but he did not opine that claimant was totally disabled from all work.

In his January 9, 2002 deposition, Dr. Thompson acknowledged the distinction between stating that claimant could not perform his pre-injury job versus stating that he is totally disabled. Dr. Thompson also testified in his deposition that prior to December 3, 2001, he had not rendered any opinion that claimant was totally disabled and that the only period for which he had removed claimant from all work was from July 21, 2000 through November 21, 2000. Furthermore, Dr. Thompson admitted that he could not find any objective reason for claimant's continued knee pain.

The medical records support the commission's factual findings. In light of these medical reports and the commission's reasoning, the commission was entitled to conclude that Dr. Thompson's December 3, 2001 opinion did not constitute sufficient evidence to prove that claimant was totally disabled

after November 21, 2000.  Because the medical evidence was subject to the commission's factual determination, we cannot hold as a matter of law that claimant's evidence sustained his burden of proving continuing total disability after November 21, 2000.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).  Accordingly, we affirm the commission's decision.

Affirmed.